IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:16cr145-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| (2) ZAVIAN MUNIZE JORDAN | ) | |

THIS MATTER IS BEFORE THE COURT on the United States of America's Motion, (Doc. No. 173), pursuant to 18 U.S.C. § 924(d) and Fed. R. Crim. P. 32.2(b), for forfeiture of the Taurus, Glock, and FNH firearms and ammunition identified in Count Ten of the Third Superseding Indictment, (Doc. No. 68). For good cause shown, this Court hereby GRANTS the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS:

## BACKGROUND

On January 18, 2017, a Grand Jury in the Western District of North Carolina returned a Third Superseding Indictment ("the Indictment") against Defendant Jordan and others, charging them with controlled substance conspiracy, substantive controlled substance, and firearms offenses. Pertinent to the Government's Motion, Count Ten charged Defendant, a felon, with possession, in violation of 18 U.S.C. § 922(g)(1), of a Taurus, Model PT 145 Millennium, .45 caliber semiautomatic pistol and ammunition; a Glock Model 22, .40 caliber semiautomatic pistol and ammunition; and a FNH, Model Five-Seven, 5.7x28 caliber semiautomatic pistol and ammunition. The Indictment also included a Notice of Forfeiture and Finding of Probable Cause whereby the Grand Jury found probable cause for forfeiture of a variety of items, including the same firearms identified in Count Ten. Law enforcement seized these firearms, and the

1

ammunition accompanying them, during the investigation of the charged offenses.

Defendant elected a jury trial. At trial, the Government introduced evidence, including but not limited to testimony of Charlotte Mecklenburg Police Department Patrolman Newman on Government's Exhibit 9 and the Taurus; testimony of Drug Enforcement Administration Task Force Officer Bridges on Exhibits 15L and 17, and the Glock; and testimony of DEA Special Agent Plotz on Exhibit 19 and the FNH. The Jury returned Verdicts, (Doc. No. 130), of guilt on charged counts, including but not limited to Count Ten.

Defendant did not elect to retain the Jury to determine the nexus of the seized firearms to the crimes. Thus, the Government's Motion now requests that this Court determine matters of forfeiture of the firearms and ammunition seized during the investigation.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 32.2(b)(1) provides for preliminary forfeiture of property upon a court finding of a nexus, or connection, between the property and violations on which a defendant is convicted. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Title 18 U.S.C. § 924(d)(1) provides for forfeiture of firearms and ammunition involved in the felon-in-possession offense charged in Count Ten. Here, the preponderance burden is satisfied by the aforementioned trial evidence about the use of the firearms in the crimes, and forfeiture of the Taurus, Glock, and FNH firearms and accompanying ammunition is merited under Section 924.

**IT IS, THEREFORE, ORDERED**:

1.      Based upon the Indictment, the trial evidence, and the Verdict, the United States is authorized to take and maintain possession of the following property of Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Taurus Model PT-145 Millennium, .45 caliber semiautomatic pistol, serial number NVI68876 and ammunition;**

**One FNH Model Five-Seven, 5.7x28 caliber semiautomatic pistol, serial number 386280209 and ammunition; and**

**One Glock Model 22, .40 caliber semiautomatic pistol, serial number NBE834 and ammunition.**

2.      Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this Order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture.   If no third parties file petitions, this Order shall become final by operation of law pursuant to Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

Signed: October 11, 2017

Robert J. Conrad, Jr.
United States District Judge