IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00145-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ZAVIAN MUNIZE JORDAN | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Merge/Vacate Counts 8 and 9, (Doc. No. 189), and the government's response, (Doc. No. 191).

I.  BACKGROUND

The defendant was convicted by a jury of conspiring to distribute or possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (Count One); possessing with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a) (Count Five); possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a) (Count Six); possessing a firearm in furtherance of the drug trafficking crime alleged in Count One, in violation of 18 U.S.C. § 924(c) (Count Eight); possessing a firearm in furtherance of the drug trafficking crime alleged in Count Six, in violation of 18 U.S.C. § 924(c) (Count Nine); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 130: Verdict).

The evidence adduced at trial, in light most favorable to the government, tended to show that in April 2016 federal and local law enforcement agents were investigating the distribution of "China White" heroin in this district. (Doc. No. 148: Tr. at 75). They arrested Ricky Grant after

1

he sold heroin to a confidential source. (Id. at 78). Grant then agreed to call his supplier, later identified as the defendant, whom police began to surveil with the assistance of a court-approved tracking device. (Id. at 81, 89).

On May 11, 2016, at approximately 10 a.m., they established surveillance at the defendant's residence on Cullingford Lane. (Id. at 93). He traveled to a parking garage in downtown Charlotte, then drove to a house on Lyles Court around noon. (Id. at 94, 164-165). From there, he went to a residence on Ravencroft Drive and appeared to make an exchange by taking a white plastic bag from the house and returning with a smaller item from his pick-up truck. (Id. at 140). At approximately 2 p.m., a police officer stopped the truck. (Id. at 34-35). He found 7.73 grams of cocaine and $2,000 cash in the defendant's pockets, a Taurus .45 caliber pistol underneath the truck's center console, and $26,000 cash in a white bag. (Id. at 42-43, 46).

The defendant was arrested and waived his Miranda rights. (Id. at 94, 142). He admitted going to his deceased grandmother's residence on Lyles Court, where he packaged and prepared cocaine before delivering it to the Ravencroft residence. (Id. at 95). A search of the house on Lyles Court later in the evening revealed approximately 275.54 grams of heroin, kilogram-sized drug packaging materials, drug purity testing kits, a respirator, digital scales, and a Glock .40 caliber handgun. (Id. at 98-102). When police searched the Ravencroft residence, they found 753.81 grams of cocaine, along with marijuana and methamphetamine, and a Springfield Armory handgun for which a co-conspirator claimed responsibility. (Id. at 174-176). At the defendant's Cullingford Lane residence, police found an FN 5.7 x 28 mm caliber pistol, a .223 caliber pistol with a high capacity drum magazine, bulletproof vests, and $24,400 in currency. (Id. at 271, 276-280, 283). Co-conspirators detailed their history of purchasing cocaine and heroin from the defendant dating back to 2013, including the $26,000 cocaine transaction at the Ravencroft

residence on May 11. (Id. at 192-200, 241-249). The defendant had shown one of them the FN pistol when they were in a vehicle together. (Id. at 253).

II. DISCUSSION

Now that the defendant is pending sentencing, he argues that his convictions for § 924(c) offenses in Counts Eight and Nine must merge because the jury's general verdict could have resulted from a finding that the defendant used one gun on one occasion.[1] (Doc. No. 189: Motion at 1-2). Thus, he may not be punished twice for what may have been one crime.[2] (Id. at 8-9). Such a claim about multiple § 924(c) convictions "sounds in Double Jeopardy." United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994).

"A substantive crime and conspiracy to commit that crime are 'separate offenses' for purposes of the Double Jeopardy Clause, even if they are based on the same underlying incidents." United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008). Thus, the Fourth Circuit has recognized that conspiracy to distribute cocaine base and distribution of cocaine base are distinct offenses not based on the same elements. Id. "'As long as the underlying crimes are not identical under the Blockburger analysis, then consecutive § 924(c) sentences are permissible,'" and a court need not count "uses" or "align the use of a particular firearm with a particular predicate offense." United States v. Kahn, 461 F.3d 477, 494 (4th Cir. 2006) (quoting Camps, 32 F.3d at 106).

---

[1] The defendant faults the indictment for failing to identify the place, time, and gun at issue in each count, (Doc. No. 189: Motion at 1), but did not challenge the alleged defect prior to trial as required by Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. During the trial, he also did not request a jury instruction on this issue or object to the verdict form. (Doc. No. 178: Tr. at 9-10, 12-14).

[2] The defendant's reliance on cases from the Sixth, Seventh, and Tenth Circuits, (Doc. No. 189: Motion at 4-6), is unavailing because the Fourth Circuit has specifically rejected their approach to multiple § 924(c) punishments. United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994).

Here, the jury found in Count Eight that the defendant possessed a firearm in furtherance of the predicate drug trafficking crime alleged in Count One of conspiracy to distribute or possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin and 500 grams or more of a mixture and substance containing a detectable amount of cocaine. (Doc. No. 130: Verdict at 1-2). As detailed above, in light most favorable to the government, a Glock pistol was found in proximity to over 275 grams of heroin and drug packaging materials at the Lyles Court residence where the defendant admitted processing the more than 753 grams of cocaine he delivered to the Ravencroft residence. Additionally, two handguns, along with bullet proof vests and over $24,000 currency, were found at the defendant's residence. The jury further found in Count Nine that the defendant possessed a firearm in furtherance of the predicate drug trafficking crime alleged in Count Six of possession with intent to distribute cocaine. (Id. at 2). Police found a Taurus handgun underneath the center console of the defendant's truck when he possessed more than 7 grams of cocaine in his pocket. Accordingly, the evidence amply supports the jury's verdict that the defendant violated § 924(c) in relation to two predicate crimes; therefore, the defendant may be sentenced on each of Counts Eight and Nine.

III. CONCLUSION

**IT IS, THEREFORE ORDERED** that the defendant's Motion to Merge/Vacate Counts 8 and 9, (Doc. No. 189), is **DENIED**.

Signed: October 20, 2017

Robert J. Conrad, Jr.
United States District Judge